UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-000416-GNS

EMC MORTGAGE, LLC                                                     PLAINTIFF

v.

CENTURY MORTGAGE COMPANY                             DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (DN 20) and Plaintiff's Motion for Oral Argument (DN 22). The motions are ripe for adjudication. For the reasons outlined below, the motions are **DENIED**.

**I.      STATEMENT OF FACTS AND CLAIMS**

Defendant Century Mortgage Company ("Century") is a privately-held mortgage bank and Kentucky corporation headquartered in Louisville, Kentucky. (Compl. ¶ 10, DN 1). Century's primary business involves the origination and sale of residential mortgage loans. (Compl. ¶ 10). Plaintiff EMC Mortgage, LLC ("EMC") is a Delaware corporation with its principal place of business located in Lewisville, Texas. (Compl. ¶ 9).

On February 1, 2005, Century and EMC entered into a Mortgage Loan Purchase Agreement ("MLPA") to purchase a number of loans, including the eleven loans at issue in this litigation. (Compl. ¶¶ 2, 7, 30; Compl. Ex. B, DN 5). The MLPA incorporated the Seller Guide, which sets forth numerous representations and warranties concerning the characteristics of the

loans and the manner in which they originated. (Compl. ¶¶ 2, 3, 14; Compl. Ex. A-1, DN 1-2 [hereinafter MLPA]; Compl. Ex. A-2, DN 1-3 [hereinafter Seller Guide]). In the event of discovery of a breach of one of more of the representations and warranties, the Seller Guide required Century to cure the breach or, failing that, to repurchase the loans from EMC. (Seller Guide 13). Both the Seller Guide and the MLPA also include indemnification provisions in the event of a breach. (Seller Guide 13; MLPA 4).

After purchasing the at-issue loans from Century, EMC either securitized or sold the loans to third parties, including residential mortgage backed securities ("RMBS") trusts[1] and government sponsored entities such as Federal National Mortgage Association ("Fannie Mae") or the Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively "GSEs"), pursuant to pooling and servicing agreements and/or mortgage loan purchase agreements ("the Third Party Agreements"). (Compl. ¶¶ 4, 5). Under the Third Party Agreements, EMC made representations and warranties to the Trusts and GSEs about the Century loans that were materially identical to the representations and warranties Century made to EMC. (Compl. ¶¶ 26-27). Furthermore, the Third Party Agreements obligated EMC to repurchase any defective loan or to compensate the Trust or GSEs for losses arising from any breach of warranty or misrepresentation. (Compl. ¶¶ 5, 28).

Subsequent to the third-party sales, EMC became aware of alleged breaches of the loan-level representations and warranties, which triggered its potential obligations and liability to the Third-Party Purchasers. (Compl. ¶ 6). EMC then repurchased the at-issue mortgage loans or compensated the Third Parties for their losses. (Compl. ¶ 6).

---

[1] EMC states in its Complaint that it sold the loans to the following RMBS trusts: the Bear Stearns Asset Backed Securities Trust 2005-AC8 transaction; the Bear Stearns ALT-A Trust 2006-4 transaction; the Bear Stearns ALT-A Trust 2006-5 transaction; and the Bear Stearns Asset Backed Securities Trust 2005-AC7 Transaction (collectively, the "Trusts"). (Compl. ¶ 24).

EMC alleges that its breaches under the Third-Party Agreements also constituted breaches of the corresponding representations and warranties made by Century to EMC. (Compl. ¶¶ 6, 31). Compensating or repurchasing the loans from the third parties led EMC to incur losses in excess of $1 million. (Compl. ¶¶ 6-7, 31-32). According to EMC, Century is required per the indemnification provision in the MLPA and Seller Guide to compensate EMC for these losses. (Compl. ¶ 33). Between January 2013 and August 2015, EMC notified Century of its obligation to indemnify EMC for the losses it incurred in connection with the subject loans, and Century has allegedly failed to honor those demands. (Compl. ¶ 34, Compl. Ex. B). Consequently, EMC filed this action seeking indemnity for its losses incurred under the various agreements. (Compl. ¶¶ 36-42).

## II.     JURISDICTION

This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . the citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

## III.    DISCUSSION

### A.     Defendant's Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). To survive a motion to

dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In moving to dismiss, Century maintains that EMC's indemnity claim is barred by the applicable statute of limitations. As the Sixth Circuit has noted, however, "before discovery, [a plaintiff] [has] no duty to 'respond to a motion to dismiss with affirmative matter raising a triable issue of fact on an affirmative defense.'" *Michalak v. LVNV Funding, LLC*, 604 F. App'x 492, 494 (6th Cir. 2015) (quoting *Rembisz v. Lew*, 590 F. App'x 501 (6th Cir. 2014)). Likewise, the Sixth Circuit has explained:

> "Generally, a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is an 'inappropriate vehicle' for dismissing a claim based upon a statute of limitations." And that is because a plaintiff has no obligation under Rule 8 to plead compliance with the statute of limitations. Instead, the burden of pleading, and proving, [an] affirmative defense . . . rests with the defendant.

*Id.* at 493 (internal citations omitted) (citing Fed. R. Civ. P. 8(c)(1)).

Under the terms of the MLPA, New York law governs the parties' contractual relationship. (MPLA 6). The accrual of a cause of action is substantive in nature, and when the accrual occurs is a factual issue. *See Fed. Ins. Co. v. Fries*, 355 N.Y.S.2d 741, 745 (Civ. Ct. 1974) (concluding that the accrual of a cause of action is substantive); *World Holdings, LLC v. Fed. Republic of Ger.*, 701 F.3d 641, 653 (11th Cir. 2012) ("In New York, '[t]he Statute of Limitations begins to run once a cause of action accrues, that is, when all of the facts necessary

4

to the cause of action have occurred so that the party would be entitled to obtain relief in court.'" (alteration in original) (quoting *Aetna Life & Cas. Co. v. Nelson*, N.E.2d 386, 389 (N.Y. 1986))).

Consistent with the Sixth Circuit's directive, the Court concludes that it is inappropriate to rule on the merits of the statute of limitations defense at this stage of the litigation because no discovery has occurred.[2] Accordingly, Century's motion to dismiss will be denied.

B.     **Plaintiff's Motion for Oral Argument**

EMC has moved for oral argument on motion to dismiss. (Pl.'s Mot. Oral Argument, DN 22). Because the Court deems that oral argument is unnecessary to address Century's premature dispositive motion, EMC's request for oral argument will be denied.

---

[2] From the Court's review of the exhibits attached to the Complaint, it appears that the parties foresaw and answered the issues of when and where the cause of action for indemnity accrued when drafting their agreement. The Seller Guide and MLPA both provide for indemnification. (MLPA 4; Sellers Guide 13). Section 11.03.3 of the Seller Guide specifically defines that a cause of action will accrue when (i) EMC learns of a breach of any representation or warranty; (ii) Century fails to cure the breach or repurchase the mortgage; and (iii) EMC demands that Century comply with its obligation. (Seller Guide 13). Further, demands are "deemed to have been duly given . . . **when** received by the other party **at**" the recipient's address. (MLPA 5 (emphasis added)). Thus, it appears that EMC's cause of action against Century accrued **when** Century received EMC's demand for reimbursement **at** Century's offices in Louisville.

While the MLPA provides that it is to be construed pursuant to New York law, this Court would likely apply the applicable Kentucky's fifteen-year statute of limitations because a statute of limitations is procedural in nature. *See Cole v. Mileti*, 133 F.3d 433, 437 (6th Cir. 1998) ("[C]ontractual choice-of-law clauses incorporate only substantive law, not procedural provisions such as statutes of limitations." (citation omitted)); *Conway v. Portfolio Recovery Assocs., LLC*, 13 F. Supp. 3d 711, 715 (E.D. Ky. Mar. 31, 2014) ("[T]he procedural law of the forum state will determine issues concerning which state's statute of limitations applies." (citation omitted)); KRS 413.090(2). Kentucky's borrowing statute, KRS 413.320, would apply a shorter statute of limitations from the state where the cause of action accrued. Because EMC's demand was "deemed to have been duly given" when it was received by Century in Kentucky, it would appear that the borrowing statute is inapplicable. Presently, the record does not establish when such notice given. Regardless, the MLPA was executed in 2005, so that Kentucky's fifteen-year statute of limitations could not have run when this action was filed in June 2016.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 20) and Plaintiff's Motion for Oral Argument (DN 22) are **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**

September 14, 2017

cc: counsel of record